David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone:   (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiff
Terrence Romero

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Terrence Romero<br><br>                    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>                    Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1    collection practices are not competitively disadvantaged, and to promote

2    consistent State action to protect consumers against debt collection abuses.

3    2.   Terrence Romero, (Plaintiff), through Plaintiff's attorneys, brings this action

4    to challenge the actions of Portfolio Recovery Associates, LLC,

5    ("Defendant"), with regard to attempts by Defendant to unlawfully and

6    abusively collect a debt allegedly owed by Plaintiff, and this conduct caused

7    Plaintiff damages.

8    3.   Plaintiff makes these allegations on information and belief, with the exception

9    of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

10    Plaintiff alleges on personal knowledge.

11    4.   Unless otherwise stated, Plaintiff alleges that any violations by Defendant

12    were knowing and intentional, and that Defendant did not maintain

13    procedures reasonably adapted to avoid any such violation.

14    **JURISDICTION AND VENUE**

15    5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §

16    1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

17    6.   This action arises out of Defendant's violations of the Fair Debt Collection

18    Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

19    7.   Because Defendant does business within the State of Arizona, personal

20    jurisdiction is established.

21    8.   Venue is proper pursuant to 28 U.S.C. § 1391.

22    **PARTIES**

23    9.   Plaintiff is a natural person who resides in the City of Phoenix, County of

24    Maricopa, State of Arizona.

25    10.   Defendant is located in the City of Norfolk, the County of Norfolk, and the

26    State of Virginia.

27    11.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer"

28    as that term is defined by 15 U.S.C. § 1692a(3).

HYDE & SWIGART
Phoenix, Arizona

12.   Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13.   At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

14.   At all times relevant, Defendant conducted business within the State of Arizona.

15.   Sometime before February 2009, Plaintiff is alleged to have incurred certain financial obligations.

16.   These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17.   Sometime thereafter, but before February 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.   Plaintiff currently disputes the validity of this alleged debt.

18.   Subsequently, but before February 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19.   Before February 2009 Defendants were collecting the alleged debt directly from Plaintiff's father.

20.   In February 2009, Defendant began to attempt to collect the debt from Plaintiff.

21.   Plaintiff is informed and believes, and thereon alleges that Defendant's are attempting to collect an amount not not expressly authorized by the agreement creating the debt or permitted by law.   Consequently, Defendant violated 15 U.S.C. § 1692f(1).

22. On or about February 13, 2009, Plaintiff notified Defendant, in writing, that this alleged debt, or some portion of it, was disputed.

23. On or about March 4, 2009, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

24. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25. On or about April 2, 2009, Defendant mailed another letter to Plaintiff. A few days later, Plaintiff received that letter.

26. In Defendant's April 2, 2009 letter, Defendant states, "In our previous letter to you we requested that you send our company additional information pertaining to the account reference above so that the Disputes Department could complete the investigation of the alleged dispute. To date we have not received this information and cannot complete the investigation. Since we have not received this information we are terminating the disputes investigation pertaining to this account and our company will no longer treat this account as a disputed account."

27. Plaintiff is informed and believes and thereon alleges that Defendant never sent Plaintiff a request for additional documentation pertaining to the dispute.

28. Plaintiff is informed and believes and thereon alleges that Defendant never treated the account as disputed.

29. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

30. On or about April 7, 2009 Plaintiff sent to Defendant a letter in which Plaintiff advised Defendant that Plaintiff refused to pay the alleged debt in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

31.　On or about April 15, 2009, Defendant sent, and Plaintiff received, a dunning letter from Defendant to Plaintiff.　By sending this communication after Defendant was notified in writing that Defendant refused to pay in a manner consistent with the requirements in 15 U.S.C. § 1692c(c), Defendant violated 15 U.S.C. § 1692c(c).

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

32.　Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.　The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34.　As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

35.　An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

36.　An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

HYDE & SWIGART
Phoenix, Arizona

37.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### TRIAL BY JURY

38.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 8, 2009                      **Hyde & Swigart**

                                        By: _/s/ David J. McGlothlin_____
                                        David J. McGlothlin
                                        Attorneys for the Plaintiff